IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER SESSION, 1996

FILED

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9605-CR-00087 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. THOMAS H. SHRIVER |
| ROBERT ENLO | ) | JUDGE |
| SOWELL, JR., | ) | |
| | ) | |
| Appellant. | ) | (Denial of Probation) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF DAVIDSON COUNTY

FOR THE APPELLANT:

JOHN T. CONNERS, III
134 Riverwood Drive
Franklin, TN 37069

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON
District Attorney General

JON SEABORG
Assistant District Attorney General
Washington Square, Suite 500
222 Second Ave. North
Nashville, TN 37201-1649

OPINION FILED _____

APPEAL DISMISSED

DAVID H. WELLES, JUDGE

# **OPINION**

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The issue raised in this appeal is whether the trial judge erred or abused his discretion in denying the Defendant's petition to suspend the balance of his effective six-year sentence without conducting a hearing on the merits of the petition. We have determined that this appeal should be dismissed.

On January 1, 1995 and March 6, 1995, pursuant to a plea agreement, the Defendant entered guilty pleas to three counts of aggravated burglary and one count of burglary. His plea agreement was a "package deal," in which the State agreed to dismiss other charges against the Defendant.[1] The plea agreement provided that two of the Defendant's three-year sentences would be served consecutively to produce an effective sentence of six years to be served in the Davidson County Regional Workhouse. Neither the Defendant's "petition to enter plea of guilty" nor the judgment documents reflect any agreement concerning a suspension of any portion of the sentences. An order was entered stating that as a part of the plea agreement the Defendant had agreed to drug treatment in a program called "Life Line Drug Treatment program," and one of the judgment documents listed as a special condition, "Life Lines."

On November 27, 1995, the Defendant filed a petition requesting that the balance of his sentences be suspended. The petition alleged that the Defendant

---

[1] As part of the agreement, the Defendant's petition to enter his guilty pleas stated, "all other presently pending charges against Defendant are to be dismissed." We cannot determine from the record how many other charges were pending, although we do note that the Defendant's petition to suspend the balance of his sentence stated that the Defendant admitted that he committed "a number of burglaries" in 1994.

had successfully completed the "Life Line Drug Treatment program," and further alleged that the Defendant's plea agreement "contemplated" that the Defendant could petition for a suspension of the balance of his effective six-year sentence upon successful completion of the program. The trial court promptly denied the petition without a hearing. The Defendant filed a petition to reconsider the denial and attached a copy of a letter defense counsel had written to the assistant district attorney shortly after the pleas were entered confirming their "understanding" that if the Defendant successfully completed the Life Line Drug Treatment program the State would "be willing to recommend probation at the hearing on his petition for a suspension of the balance of his effective six-year sentence." The trial court promptly denied the petition to reconsider without a hearing. It is from the orders of the trial court denying the Defendant's petition to suspend the balance of his sentences that the Defendant appeals.

On appeal, the Defendant argues that the trial court "exceeded its authority" in denying the petition for a suspended sentence without conducting a hearing. In the event the trial court was not required by law to conduct a hearing on the petition, the Defendant argues that the trial judge abused his discretion in denying the petition without a hearing.

This matter was submitted to this court for a decision on November 13, 1996. During the pendency of the appeal, the Defendant was released on parole, failed to report to his parole officer and, effective August 7, 1996, had been classified as "absconded from parole." This Court subsequently ordered that this appeal would be dismissed for mootness unless the Defendant could show cause why it should not be.

Counsel for the Defendant subsequently filed an affidavit stating that the Defendant's parole was revoked in December, 1996 and the Defendant was currently serving his sentence in the Department of Correction. In his affidavit, his defense counsel asserted that, even though the issues raised on appeal were moot insofar as the Defendant is concerned, there was a routine practice in the Davidson County Criminal Court, Division I, of denying petitions for suspended sentences without a hearing and that these cases generally evaded appellate review. Counsel asserted that guidance was needed on the issue of whether a petitioner was entitled to a hearing on a petition for a suspended sentence.

The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. McIntyre v. Traughber, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). The concept of mootness deals with the circumstances that render a case no longer justiciable. Id. A moot case is one that has lost its character as a present, live controversy. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. Id. The two most recognized exceptions to the mootness rule include issues of great public interest and importance to the administration of justice and issues capable of repetition yet evading review. Id. Whether to take up cases that fit into one of the recognized exceptions to the mootness doctrine is discretionary with the appellate courts. Id.

In the case sub judice, it is obvious that we cannot provide any meaningful relief to the Defendant even if we determine that the trial judge erred or abused his discretion in denying the Defendant's petition to suspend the balance of his

sentence. To order the trial court to conduct an evidentiary hearing on the Defendant's petition for a suspended sentence, in view of the Defendant's subsequent conduct and current status, would border on the ridiculous.

Counsel for the Defendant argues that this Court should decide the issue presented as an exception to the mootness rule because the issues are capable of repetition yet evade appellate review. We do not believe that our sentencing laws mandate that a trial judge conduct an evidentiary hearing each and every time a defendant files a petition requesting the court to suspend the balance of a sentence. See Tenn. Code Ann. §§ 40-35-212(c); 40-35-314(c). We have located no Tennessee case involving the precise issue of whether a petition for modification of sentence pursuant to Tennessee Code Annotated section 40-35-314(c) may be denied without conducting an evidentiary hearing.[2] The statute itself provides only that the trial judge maintains jurisdiction over those defendants sentenced to the local jail or workhouse, giving him or her the authority to modify such sentences, and that applications to reduce or alter the manner of service of a sentence may be made at no less than two (2) month intervals. Contrary to the Defendant's position, we do not believe the language of the statute implies that a hearing must be conducted for every application. Certainly the trial court may conduct an evidentiary hearing in appropriate cases, but to require a hearing on each and every application could place an unreasonable burden on the trial court. Some discretion is warranted.

---

[2] We note that this issue is distinct from a motion to reduce sentence pursuant to Rule 35(b) of the Tennessee Rules of Criminal Procedure. The Advisory Commission comments to Rule 35 make it clear that it does not alter the statutory authority of trial courts to modify the sentences of individuals sentenced to local jails or workhouses, but rather affects individuals sentenced to the Department of Correction.

From the record before us, we cannot conclude that the trial judge erred or abused his discretion in denying the petition for a suspension of the remainder of the sentence without an evidentiary hearing. We are provided with no facts of the underlying offenses. We have no knowledge of how many charges against the Defendant were dismissed as part of the plea agreement. We know nothing of the Defendant's background, his potential or lack of potential for rehabilitation, or his institutional record. The order entered by the trial judge denying the petition for a suspended sentence states that the court considered the "entire record." The "entire record" before us reflects little more than that the Defendant entered into a plea agreement which provided for a six-year sentence and that he completed a drug treatment program while incarcerated.

Because the issues presented in this appeal are moot, this appeal is dismissed.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
JERRY L. SMITH, JUDGE

-6-